IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

THOMAS MAJETTE, III,
    Plaintiff,

       v.                         Civil Action No.  3:22CV809(RCY)

WELLS FARGO, *et al.*,
    Defendants.

**MEMORANDUM OPINION**

On December 27, 2022, Plaintiff Thomas Majette, III ("Plaintiff"), appearing *pro se*, submitted an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application," ECF No. 1),[1] along with a proposed Complaint (ECF No. 1-1).  Plaintiff also filed a proposed E-Noticing Registration Request for Pro Se Litigants ("E-Noticing Request," ECF No. 2). For the reasons set forth below, Plaintiff's IFP Application will be granted, but the action must be dismissed for lack of subject matter jurisdiction.  Consequently, Plaintiff's E-Noticing Request will be denied as moot.

**I.  PLAINTIFF'S IFP APPLICATION**

After reviewing the financial information submitted by Plaintiff, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status.  Accordingly, Plaintiff's IFP Application, ECF No. 1, will be granted.  However, for the reasons stated below, the Court finds that Plaintiff's Complaint suffers from defects that prevent Plaintiff's action from proceeding any further in this court, and this action will be dismissed without service for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(h)(3).

---

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*.  As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

## II.  SUBJECT MATTER JURISDICTION

Plaintiff's Complaint does not adequately establish that the Court may properly exercise subject matter jurisdiction over this action.  Federal courts are courts of limited jurisdiction, meaning that a federal court is only empowered to consider certain types of claims.  *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).  A federal court has subject matter jurisdiction over civil cases (i) "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"); or (ii) in which the amount in controversy exceeds $75,000, exclusive of interest and costs, ***and*** in which complete diversity of citizenship exists between the parties ("diversity jurisdiction").  28 U.S.C. §§ 1331, 1332 (emphasis added).

Courts have an "independent duty to ensure that jurisdiction is proper and, if there is a question as to whether such jurisdiction exists, [they] must 'raise lack of subject-matter jurisdiction on [their] own motion,' without regard to the positions of the parties." *Mosley v. Wells Fargo Bank, N.A.*, 802 F. Supp. 2d 695, 698 (E.D. Va. 2011) (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); see *Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997) ("[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by [the] court.").  As set forth in Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court **must** dismiss the action."  Fed. R. Civ. P. 12(h)(3) (emphasis added).

In the "Basis for Jurisdiction" section of the Complaint (ECF No. 1-1), Plaintiff checked the box to indicate that the Court can exercise diversity jurisdiction over this action.  Compl. at 3.  However, diversity jurisdiction cannot serve as a basis for federal jurisdiction in this action because Plaintiff and at least two Defendants are citizens of Virginia. See *id*. at 1–4 (specifically, BWW Law Group and Samuel I. White, a trustee against whom Plaintiff states several grievances).  In deference to Plaintiff's *pro se* status, the Court has looked for an alternative basis for jurisdiction in Plaintiff's

claims in the Complaint.  Unfortunately, based on the information set forth in the Complaint, it appears that Plaintiff asserts only state-law claims of fraud, harassment and slander.  Therefore, no alternative basis for federal question jurisdiction presents itself, and the Court is unable to exercise subject matter jurisdiction in this matter.  Plaintiff must avail himself of state court remedies, or find an alternative basis for a federal action.  Accordingly, the action will be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

### III.  E-NOTICING REQUEST

Having found that it lacks subject matter jurisdiction over this action, and in light of the action's pending dismissal, the Court will direct the clerk to terminate as moot Plaintiff's pending E-Noticing Request.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application (ECF No. 1) will be granted.  The Clerk will be directed to file Plaintiff's Complaint, and E-Noticing Request, but the Request will be terminated as moot and this action will be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3).

An appropriate Order shall issue.

_____/s/_____
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: December 28, 2022

3